IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RONALD GENE CLEVENGER and | ) Case No. 07-40204-13 |
| CAROL LYNN CLEVENGER, | ) |
| | ) |
| Debtors. | ) |

ORDER DENYING CONFIRMATION OF
THIRD AMENDED CHAPTER 13 PLAN

Debtors Ronald and Carol Clevenger seek to amend their confirmed Chapter 13 plan based on changed circumstances, proposing to decrease plan payments, shorten the duration of the plan, and reduce the distribution to unsecured creditors to zero. They assert that the requirements of 11 U.S.C. § 1325(b) regarding applicable commitment period and projected disposable income do not apply to amended plans under 11 U.S.C. § 1329. The Chapter 13 Trustee moved to deny confirmation of the proposed amendment. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). Because I find that the Debtors have not experienced a change in circumstances warranting a reduction in their applicable commitment period, and, further, that they have not proposed the reduction in good faith, the Chapter 13 Trustee's Motion to Deny Confirmation will be GRANTED.

The Debtors, who are above-median, filed this Chapter 13 case on January 23,

2007.  At the time, the Debtors' 22C Form showed that they had monthly disposable income under § 1325(b)(2) of $459.46 which, when multiplied by the sixty-month applicable commitment period, amounted to $27,567.60.  Thus, as relevant here, the Debtors' plan as originally confirmed on May 14, 2007 provided for a sixty-month disposable income pot of $27,567.60 to go to unsecured creditors.  Based on that pot amount, and the allowed claims filed in the case, the Court entered an Order setting the dividend to general unsecured creditors at 57.26%.[1]

On March 24, 2009, the Debtors filed amended Schedules I and J showing changes in income and expenses.  They seek to amend their plan to surrender their home to the mortgage holders, and to reduce plan payments to $245 per month.[2]  The amendment further provides:

> This amended plan is filed under 11 USC § 1329.  The requirement[s] for the amended plan filed under 11 USC § 1329 do not include any requirement to comply with 11 USC § 1325(b).  As such, 11 USC § 1325(b) no longer applie[s] under confirmation of this amended plan.  This means the debtor will no longer have an applicable commitment period or any projected disposable income.

The amendment also provides that unsecured creditors are to be paid zero percent.  The Trustee moves to deny confirmation of the amendment.  As relevant here, the

---

[1] Doc. #35.

[2] *Debtors' Third Amendment to Chapter 13 Plan* [Doc. #81], filed on August 3, 2009.  The original payment amount had been $1,190 per month.

Trustee asserts that, because the Debtors are above median, they have an applicable commitment period of sixty months, despite the fact that this is an amended plan. If confirmed, the amendment to the plan would result in the Debtors finishing their case in only thirty-one months.

Under § 1329 of the Bankruptcy Code, a confirmed plan may be modified at "any time after confirmation of the plan but before the completion of payments" at the request of the debtor, the trustee, or an allowed unsecured creditor.[3] Among other things, a plan may be modified to "increase or reduce the amount of payments on claims of a particular class provided for by the plan" or to "extend or reduce the time for such payments."[4]

Although the issue is disputed, many courts hold that § 1329 permits modifications to a confirmed plan only when there has been a post-confirmation change in circumstances.[5] The Eighth Circuit has not directly faced the issue, but has,

---

[3] 11 U.S.C. § 1329(a).

[4] 11 U.S.C. § 1329(a)(1) and (2).

[5] *Cf., e.g., In re Murphy*, 474 F.3d 143, 149 (4th Cir. 2007) (holding that "the doctrine of res judicata prevents modification of a confirmed plan pursuant to §§ 1329(a)(1) or (a)(2) unless the party seeking modification demonstrates that the debtor experienced a 'substantial' and 'unanticipated' post-confirmation change in his financial condition") (*citing In re Arnold*, 869 F.2d 240 (4th Cir. 1989)); *In re Hoggle*, 12 F.3d 1008, 1011 (11th Cir. 1994) ("Congress designed § 1329 to permit modification of a plan due to changed circumstances of the debtor unforseen at the time of confirmation."), *with Barbosa v. Soloman*, 235 F.3d 31, 38-41 (1st Cir. 2000) (rejecting the doctrine of res judicata as inconsistent with the language of § 1329); *In re Witkowski*, 16 F.3d 739, 744-46 (7th Cir. 1994) (holding that § 1329, by its terms, does not provide for any threshold requirement to modify a bankruptcy plan).

albeit in dicta, endorsed the notion that a substantial change in circumstances is required for a plan modification under § 1329(a).[6] I recently agreed with those courts which have held that, "[t]o avoid the preclusive effect of the principle of res judicata, the modification should be necessitated by an unanticipated substantial change in circumstances affecting the debtors' ability to pay."[7]

At the hearing on the Trustee's motion to deny confirmation, the parties appeared to agree that the Debtors have experienced, and adequately documented, an unanticipated substantial change in circumstances affecting the amount that they are able to pay each month, namely, the surrender of their house, a reduction in income, and an increase in certain of their expenses. To summarize, the schedules show a decrease in monthly net income, after expenses, from $1,190.84 to $249.34. Hence,

---

[6] *See Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1226 (8th Cir. 1987) (affirming the bankruptcy court's confirmation of a plan, and stating that, if the objecting creditor could later show "a substantial change in [the debtor's] ability to pay," the creditor "may request modification of the plan.")

[7] *In re Justice*, ___ B.R. ____, 2009 WL 3327204 (Bankr. W.D. Mo. Oct. 13, 2009) *(quoting In re Ireland*, 366 B.R. 27, 33 (Bankr. W.D. Ark. 2007) (citations omitted)). *See also* 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."); *In re Debing*, 202 B.R. 291, 293 (Bankr. D. Minn. 1996) ("As a threshold matter, a debtor seeking a modification that reduces his payment obligations and creditors' distribution rights from those under a prior plan must show that his financial circumstances underwent an adverse change after confirmation of the original plan."); *In re Nelson*, 189 B.R. 748, 751 (Bankr. D. Minn. 1995) (stating that, in considering a modification under § 1329, a court may consider the debtor's change in: (1) income or expenses; (2) medical condition; and (3) the debtor's post-confirmation conduct, in contemplating changed circumstances).

because of the changed circumstances, the Trustee does not object to an amendment outright but, rather, objects to the plan's duration of less than sixty months. As a result of the shortened duration, there would now be no distribution to unsecured creditors under the proposed amendment. According to the Trustee, if the proposed amendment is confirmed, then the plan will run thirty-one months, meaning that the Debtors have essentially completed the plan at this point. The Trustee argues that they should instead be obligated to make payments for the sixty-month applicable commitment period, which would result in a dividend to unsecured creditors.

In *In re Frederickson*, the Eighth Circuit held that the applicable commitment period is a temporal requirement and, thus, § 1325(b)(1)(B) requires an above median debtor with projected disposable income to propose a plan with an applicable commitment period of sixty months.[8] Under § 1329(b)(1), while any post-confirmation modification must comply with §§ 1322(a), 1322(b), 1323(c), and § 1325(a), the Bankruptcy Appellate Panel for the Eighth Circuit has held that, since § 1329(b)(1) contains no reference to § 1325(b), that section's "best efforts" or

---

[8] *In re Frederickson*, 545 F.3d 652, 660 (8th Cir. 2008); *In re Washburn*, 579 F.3d 934, 936 (8th Cir. 2009) (holding that, because the debtor was above-median, his plan had to propose to pay his projected disposable income to his unsecured creditors for an applicable commitment period of sixty months).

5

disposable income test does not apply to plan modifications.[9]  Other courts have disagreed with that conclusion, holding that § 1325(b) is applicable to plan modifications.[10]

Regardless, the Debtors' Third Amended Plan cannot be confirmed for two reasons.  First, while the Debtors' circumstances have changed in such a way as to warrant a decrease in the monthly plan payment amount, they have suggested no changed circumstance warranting a reduction in the plan's duration.

Second, under § 1329(b), a modified plan must still meet, *inter alia*, § 1325(a)(3)'s good faith test.[11]

---

[9] *In re Forbes*, 215 B.R. 183, 191 (B.A.P. 8th Cir. 1997) ("We agree that Congress omitted Code Section 1325(b) in the requirements for postconfirmation plan modification, and further, decline to take its prerogative as our own.").

[10] *See, e.g., In re Baxter*, 374 B.R. 292, 296 (Bankr. M.D. Ala. 2007) (disagreeing with *Forbes* and holding that the disposable income provisions of § 1325(b)(1) are applicable to plan modifications); *In re Nahat*, 315 B.R. 368, 377 n. 15 (Bankr. N.D. Tex. 2004) (disagreeing with *Forbes* and holding that "it would not make sense to allow a debtor to modify his or her way around [§] 1325(b).")

[11] *In re Mellors*, 372 B.R. 763, 771 (Bankr. W.D. Pa. 2007) ("The incorporation of the good faith requirement into § 1329 means that a *modification* must also have been proposed in good faith in order for the Court to approve it.") (emphasis in original); *In re Ross*, 373 B.R. 656, 662 (Bankr. W.D. Mo. 2007) ("In order for a debtor to obtain relief pursuant to both §§ 1329 and 502(j) of the Bankruptcy Code, the debtor must proceed in good faith); *In re Gengenbach*, 2008 WL 1767061 at *1 (Bankr. D. Neb. April 10, 2008) (unpublished) ("[A] modified plan must meet the good-faith test of § 1325(a)(3) and the best interests of creditors test under § 1325(a)(4)."); *In re Vantiger-Witte*, 2008 WL 4493426 at *3 (Bankr. N.D. Iowa Sept. 29, 2008) (unpublished) ("Generally, the debtor has the ultimate burden to prove a Chapter 13 plan meets all the requirements for confirmation, including that it was filed in good faith under § 1325(a)(3).").

> In the Eighth Circuit, "good faith" analysis under § 1325(a)(3) is focused on "whether the plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13." This requires looking to the totality of the circumstances to discern whether good faith exists. In *In re Estus*, the Eighth Circuit enumerated several factors to be considered. Following the enactment of § 1325(b), the Eighth Circuit concluded that that provision subsumed many of these factors, and so it narrowed the focus to one which depends on "whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent representation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." However, the Eighth Circuit preserved parts of the *Estus* "totality of circumstances" approach and, thus, factors such as the type of debt sought to be discharged and whether the debt is nondischargeable in Chapter 7, and the debtor's motivation and sincerity in seeking Chapter 13 relief, are particularly relevant.[12]

There is no evidence to suggest that the Debtors have misstated their debts or expenses, or otherwise attempted to mislead the Court.

However, again, the Debtors have offered no reason why they cannot, or should not, remain in the case for sixty months. I find that the Debtors have unfairly manipulated the Bankruptcy Code by attempting to use a decrease in net monthly

---

[12] *In re Schachtele*, 343 B.R. 661, 668 (B.A.P. 8th Cir. 2006) (footnotes omitted) (citing *In re LeMaire*, 898 F.2d 1346, 1348 (8th Cir. 1990); *In re Estus*, 695 F.2d 311, 316 (8th Cir. 1982); *Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222 (8th Cir. 1987)). *See also In re Montry*:

> The Bankruptcy Code does not define "good faith," in the context of § 1325(a) or otherwise. The prevailing standard for good faith is based on a consideration of the "totality of the facts and circumstances." This was true prior to the enactment of BAPCPA, and . . . continues to be true after its enactment. "BAPCPA does not direct a court to abandon viewing the totality of the circumstances, nor impose a requirement that a court blind itself to the full picture of the debtor's finances. . . . Satisfaction of § 1325(b) does not displace the good faith analysis as a prerequisite to confirmation.

393 B.R. 695 (Bankr. W.D. Mo. 2008) (citations omitted).

7

income to propose a plan with no payment to unsecured creditors, since they could make payments to such creditors if the plan continued for the applicable commitment period. They have offered no reason for not being required to make payments for that sixty-month period. In other words, it is contrary to the spirit of Chapter 13 to permit these Debtors to seize upon a totally unrelated change in circumstances to avoid § 1325(b)'s applicable commitment period, particularly given "the clear congressional intent of BAPCPA, which was enacted to ensure that debtors repay creditors the maximum they can afford."[13] As one court has said, "[a] sincere effort to repay creditors is a hallmark of good faith, which is a requirement of plan modification by virtue of the incorporation of § 1325(a)(3) into § 1329."[14] The Debtors' attempt to use the decrease in their net income to avoid the applicable commitment period is not in good faith as required by § 1329 and § 1325(a)(3).

ACCORDINGLY, the Chapter 13 Trustee's Motion to Deny Confirmation of the Debtors' Third Amendment to Chapter 13 Plan is GRANTED. Debtors have twenty days in which to propose an amended plan or the case will be dismissed.

IT IS SO ORDERED.

---

[13] *In re Frederickson*, 545 F.3d at 657 (citations and internal quotation marks omitted).

[14] *In re Gengenbach*, 2008 WL 1767061 at *3 (Bankr. D. Neb. April 10, 2008) (footnote omitted).

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 11/2/09